This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                NO.   33,584

**EMILY JONES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Todd B. Hotchkiss, Attorney at Law, LLC
Todd B. Hotchkiss
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE Judge.**

{1} Defendant appeals from an on-the-record district court judgment reversing her conviction for driving while intoxicated and remanding the case to the metropolitan court for a new trial. Because the district court reversed her conviction, Defendant's sole issue on appeal claims that any retrial is barred by double jeopardy. We proposed to hold that retrial was not barred. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm the district court judgment.

{2} Defendant contends that the district court should have barred retrial after it concluded that the metropolitan court improperly considered extra-judicial information. Defendant claims that the consideration of this information, including past dealings with a witness, should bar any new trial. However, the fact thatevidence was improperly considered does not, in and of itself, bar re-trial. *See State v. Post*, 1989-NMCA-090, ¶ 22, 109 N.M. 177, 783 P.2d 487 ("If all of the evidence, including the wrongfully admitted evidence, is sufficient, then retrial following appeal is not barred [by the Double Jeopardy Clause]."). We therefore consider the sufficiency of the evidence.

{3} A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-

2

NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations omitted).

{4}    In order to convict Defendant of DWI, the evidence had to show that Defendant was under the influence of intoxicating liquor while operating a motor vehicle, and that this affected her ability to operate the vehicle to at least the slightest degree. NMSA 1978, § 66-8-102(A) (2010); UJI 14-4501 NMRA. We conclude that the facts set forth in the district court memorandum opinion indicate that the State presented sufficient evidence to support the conviction. Specifically, during the field sobriety tests Defendant failed to follow instructions, made several mistakes during the walk-and-turn, used her arms for balance, and swayed. [RP 83] Defendant admitted to drinking alcohol, and had physical manifestations of alcohol consumption. [RP 83] In light of this evidence, we believe that there was sufficient evidence presented to support Defendant's DWI conviction. *See, e.g., State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot watery eyes, smelled of alcohol, and slurred speech); *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed

field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated).

{5}    For the reasons set forth above, we affirm the district court judgment.

{6}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**



_____
**JONATHAN B. SUTIN, Judge**



_____
**M. MONICA ZAMORA, Judge**